FRANK PERRY *vs.* CHARLES G. RANCOURT, et al.

Kennebec County. Decided November 18, 1917. This is an action for malpractice and comes up on the usual motion by the defendant. The plaintiff alleges that he fell upon the sidewalk in the City of Waterville and suffered a fracture of the lower left leg, was in need of medical and surgical aid and employed the defendants, who were physicians, to diagnose the injury to his leg and properly treat it and care for it until it should become sound; and that the defendants undertook the care and treatment, as requested; but that the defendants did not use proper care and skill in reducing the fracture but bandaged his leg and put on a plaster cast so tightly as to impair and hinder the circulation of blood in his leg and foot, and allowed the cast to remain so long that the foot and leg became gangrenous, and in so diseased a condition that on account of the defendants' negligence his leg had to be amputated at a point nearly up to the body. The plaintiff recovered a verdict of $8,192.40. That the plaintiff's leg had to be amputated on account of the development of gangrene from some cause is conceded by everybody. The plaintiff contends that the evidence is sufficient to show that the gangrene resulted from the negligence and unskillful treatment of the defendants. The defendants combat this contention, not only upon the ground that the treatment was proper, but also upon the theory that the bacillus, called a gas bacillus, which produced the gangrene in this particular case could not have been generated by continued pressure of the cast.

The contention of the defendants that they were not negligent as to the pressure of the cast and the length of time they kept it upon the leg was purely a question of fact for the jury and, without quoting the evidence upon this branch of the case at all, we are of the opinion that the finding of the jury upon this question cannot be disturbed.

But the defendants say even if the cast was kept upon the leg as claimed, it did not produce the gangrene which necessitated the amputation of the leg. They base this contention purely upon the theory that the type of gangrene here found could not be produced by pressure. From the testimony of all the physicians, however, it is fully established that continued pressure sufficient to stop the circula-

tion may produce gangrene. There was, moreover, before the jury a definite, assignable cause for gangrene in the plaintiff's foot below the cast. Against this was presented the theory that the symptoms found in this case, namely, the appearance of gangrene above the cast could not be produced by the pressure of the cast but by a form of bacteria called the gas bacillus. The doctors, as usual in such cases were in conflict in regard to the cause. The jury evidently believed in the facts instead of the bug. We cannot say they were wrong.

The fact that the jury found a verdict against Dr. Rancourt, only, cannot be regarded as an adequate reason for setting aside the verdict. Upon the evidence a finding that Dr. Merrill was acting in the capacity of an assistant could not be disturbed. As to negligence it also appears that Dr. Merrill warned Dr. Rancourt that he "was binding that pretty tight and that probably he would have to remove it the next day."

The verdict is large; but the injury is also very great. We cannot say the finding of the jury is excessive. Motion overruled. *Johnson & Perkins, and Butler & Butler,* for plaintiff. *W. R. Pattangall, Harvey D. Eaton, and Frank O. Bean,* for defendants.